**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO AYALA-PEREZ, AKA Guillermo Perez,<br><br>                    Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                  Respondent. | No.   15-72762<br><br>Agency No. A092-169-546<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

     Guillermo Ayala-Perez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Ayala-Perez's motion to reopen as untimely, where it was filed more than 15 years after his final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and Ayala-Perez failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

Ayala-Perez's contention that the BIA erred in denying sua sponte reopening for lack of due diligence does not raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We lack jurisdiction to consider Ayala-Perez's contentions regarding due process violations at his underlying 1999 removal proceedings because this petition is not timely as to the IJ's 1999 decision. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**