**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLENE M. ZELAYA, | No. 18-72133 |
| Petitioner, | Agency No. A073-931-822 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020**
Pasadena, California

Before: O'SCANNLAIN, OWENS, Circuit Judges, and KENNELLY,*** District
Judge.

Marlene M. Zelaya, a native and citizen of Honduras, petitions this court for

review of the Board of Immigration Appeals' (BIA) decision denying her motion

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

to reopen (MTR) deportation proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). We deny the petition.

To exercise its *sua sponte* reopening power, the BIA "must be persuaded that the . . . situation is truly exceptional." *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (citation omitted). But the BIA "is not *required* . . . to reopen [deportation] proceedings *sua sponte*," even if the petitioner establishes "exceptional" circumstances. *Id.* The decision "is committed to [the agency's] unfettered discretion." *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002) (citation omitted). As a result, we have jurisdiction only "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588. The BIA commits legal error when it relies on an "incorrect legal premise." *Id.*

The BIA listed three grounds for denying Zelaya's MTR *sua sponte*, all of which ordinarily implicate 8 C.F.R. § 1003.2(c): (1) Zelaya's lack of timeliness in waiting over 20 years before moving to reopen proceedings; (2) her lack of due diligence; and (3) the lack of any application for specific relief she would seek if the BIA were to reopen proceedings. While Zelaya is not necessarily required to meet section 1003.2(c) factors as part of her MTR, it is not legal error for the BIA to consider these factors pursuant to its "unfettered discretion" in deciding whether to exercise its *sua sponte* authority. *See Ekimian*, 303 F.3d at 1159. No authority

2

precludes the BIA from considering timeliness and due diligence in determining whether the "situation is truly exceptional." *Bonilla*, 840 F.3d at 585 (citation omitted); *see Ayala-Perez v. Sessions*, 682 F. App'x 590, 591 (9th Cir. 2017) (concluding that the petitioner's "contention that the BIA erred in denying *sua sponte* reopening for lack of due diligence does not raise a legal or constitutional error to invoke our jurisdiction"). Therefore, the BIA did not commit legal error in considering these factors. Nor did the BIA misapprehend the factors in applying them.

Zelaya also raised a constitutional challenge based on ineffective assistance of counsel. But the BIA concluded that *sua sponte* reopening was not warranted "[e]ven assuming a due process violation." Therefore, the BIA's decision contained no constitutional error.

**PETITION DENIED.**